FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 28, 2019

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   -vs-<br><br>RESHAWN D. MAGNIFICENT-EL,<br><br>              Defendant. | No.   2:19-CR-0006-WFN-1<br><br>PROTECTIVE ORDER |

    Defendant has requested that the United States Probation Office provide reports from Child Protective Services ["CPS"] used to inform the writing of the Presentence Report. Due to the sensitive nature of the documents, including the identity of an alleged child victim, the protections described in 18 U.S.C. § 3509 shall apply to the CPS records / documents. Accordingly,

    **IT IS ORDERED** that:

    1. The privacy protection measures mandated by 18 U.S.C. § 3509(d) that apply when a case involves a person under the age of eighteen years who is alleged to be a victim of a crime of sexual exploitation, or a witness to a crime committed against another person, apply to this case. The provisions of this Order apply to the identification of minor children and any adults who were minor children when they were alleged to have been victims of sexual abuse. For purposes of this Order, the term "children" encompasses both of these categories.

    2. All persons acting in this case in a capacity described in 18 U.S.C. § 3509(d)(1)(B), shall:

        (a) Keep all documents that disclose the names, identities, or any other information concerning children in a secure place to which no person who does not have reason to know their contents has access;

PROTECTIVE ORDER - 1

    (b) Disclose such documents or the information in them that concerns children only to persons who, by reason of their participation in the proceeding, have reason to know such information;

    (c) Not permit Defendant himself to review the unredacted CPS reports/ documents outside the presence of defense counsel or a defense investigator;

    (d) Not permit Defendant to keep any CPS reports/documents in his own possession outside the presence of defense counsel or a defense investigator; and

    (e) Not permit Defendant to keep, copy, or record the identities of any child or victim identified in CPS reports/ documents in this case.

  3. All papers to be filed in Court that disclose the names or any other information identifying or concerning children shall be filed under seal without necessity of obtaining a Court order, and that the person who makes the filing shall submit to the Clerk of the Court

    (a) the complete paper to be kept under seal; and

    (b) the paper with the portions of it that disclose the names or other information identifying or concerning children redacted, to be placed in the public record.

  4. Counsel for the government and counsel for Defendant shall provide one another with a copy of each unredacted pleading filed in this case, provided that such pleading is not filed *in camera*.

  5. The parties and the witnesses shall not disclose children's names at pretrial proceedings or at trial in this case. The parties shall prepare their witnesses and instruct them to refer to the alleged minor victims only by using agreed-upon initials or pseudonyms (e.g., "Victim A," "Victim B"), rather than their names, in opening statements, during the presentation of evidence, and in closing arguments.

  The District Court Executive is directed to file this Order and provide copies to counsel.

  **DATED** this 28th day of May, 2019.

                WM. FREMMING NIELSEN
                SENIOR UNITED STATES DISTRICT JUDGE

05-28-19 Protective Order

PROTECTIVE ORDER - 2